The opinion of the Court was delivered by
Levy, J.
This is a suit for separation from bed and hoard, instituted by plaintiff, husband, against his wife, defendant.
The grounds upon which plaintiff relies are: the exhibition at divers times, of violence of temper, causeless jealousy, insulting expressions and abusive language on the part of the wife toward the husband, in the presence of family, servants and strangers. These exhibitions, it is alleged, have been so frequent, that plaintiff has repeatedly been driven to the necessity of leaving his domicil and living separately from his wife, in order to assure peace and tranquillity and to avoid scandal; that this conduct culminated on the 28th of September, 1876, in a quarrel, brought on by the wife, in which violent, abusive and vulgar language, hurtful to plaintiff’s feelings, insulting and injurious to his reputation, was used, all which was insupportable, and forced plaintiff to leave the matrimonial domicil, to which he has not since returned, he now living with his children, separated from his wife.
Tiie defendant denies the accusation of extreme and ungovernable temper, and asserts that any scenes of jealousy that occurred, were always provoked by the acts of her husband; she specially denies that anything occurred on her part, after twenty-three years of marriage, during which time there were born eleven children, issue of the marriage, of which eight are living, some of whom are young ladies in the convent, and some others young children requiring a mother’s care, that would justify the proceeding now instituted, and prays that plaintiff’s demand be rejected and the decree of separation denied.
There was judgment by the lower court dismissing plaintiff’s suit at his cost, and he has appealed.
Our review and. consideration of the evidence in the record, convince *136 ns that the misunderstandings and difficulties between these spouses are attributable to the failure of a proper control of their temper- by both. It is shown that both the husband and wife are impatient, quick and irascible, and the conduct of neither is marked with that forbearance and conciliatory spirit which should characterize the marital relation. When not excited by jealousy or provoked by what she deemed unnecessary harshness, in the punishment of their children, the wife’s conduct appears to have been exemplary, and she exhibited affection and devotion towards her husband. On the other hand, the husband, when not irritated by his wife’s abusive and upbraiding language, was kind and indulgent. Both are fond of their children, and we are of the opinion with the District Judge, that this common and endearing tie, exercising a soothing and hallowing- influence, renders reconciliation and re-union highly probable. In liis reason, for judgment, the Judge a quo very happily, and we think properly, says : “I am fully convinced that, when the young lady,, who is now at the convent, returns, she will be a greater power in restoring to this disordered household, those relations of affection that the Court is now asked forever to destroy. By a judgment for separation, I am confident, the plaintiff does not desire to affix to Iris wife or to his children, the social taint that inevitably follows a judgment of-divorce. I am satisfied those children, about whom much of this-trouble has arisen, will, and must now appreciate the sorrow and unhappiness that has resulted from too much indulgence on the one part, and an interference with the proper exercise of parental authority, and that there is too much hope for a proper settlement of all these difficulties, in the good sense of the parties themselves, and in the love which they bear their children, and in the great power which these children must have over their parents, to demand, at my hands, a judgment as asked for in this case.”
In the case of Trowbridge vs. Carlin, 12 A. 882, Justice Spofford, in his concurring opinion, cites several cases supporting Ms own view, viz : 4 M. 0. S. 174; 9 La. 429; 19 L. 571; 5 A. 33; 6 A. 403. In the first mentioned case, ho says: “ Under the law of Louisiana, as hitherto interpreted, disappointment in the marriage relation, and mere incompatibility of temper, are not causes for a judicial separation between husband and wife; excesses, outrages and cruel treatment, of a nature to render the conjugal life intolerable, are ; but, with this qualification, that the party complaining must be comparatively innocent of conduct similar to that complained of, in order to obtain a decree; mutual insults and outrages, the fruit of mutual provocations, unless there be a just and palpable disproportion of guilt as between the parties, furnish no sufficient ground of action to either.”
• The judgment appealed from is affirmed with costs.